REQUESTED BY: Dear Senator Simon:
You have provided to us a copy of the set of proposed amendments to LB 991. You have asked whether these amendments would be sufficient to meet constitutional requirements in light of our previous opinion on LB 991, Opinion No. 243, March 7, 1980, to Senator Venditte.
Essentially the amendments that you have proposed strike substantial portions of LB 991 as they relate to the definitions of drug parphernalia. Those sections which are stricken by the amendments primarily relate to the definitional provisions setting forth the scope of the drug parphernalia act. In our previous opinion we referred to the breadth of the section 1 definitions and specifically to subsection 5 and subsection 10 which would be stricken by your amendments. However in our previous opinion we indicated that the examples given in the opinion were intended to indicate the substantial constitutional questions about vagueness and over breadth which were raised. Additionally we stated in that opinion `we do not intend to engage in a section-by-section anylysis of your bill.' While several questionable areas would be stricken under the amendments as you proposed them, we still adhere to the views set forth in our previous opinion. Even if your amendments were adopted it would appear that LB 991 would be difficult to defendant against constitutional attack. The essential deficiencies of LB 991 remain the same, and in fact under your amendments LB 991 would be very similar to Indiana Code, section 35-48-4-9, as amended by acts 1977 Public Law 340. That statute was under consideration by a three judge District Court for the District of Indiana. That court found the statute to be unconstitutionally vague. Essentially the same test was utilized by that court as was utilized inState v. Adkins, 196 Neb. 76, 81, 241 N.W.2d 655 (1976), which we cited in our opinion to Senator Venditte referred to above. The Indiana court in granting an injunction against the enforcement of the law stated:
 "The definition of paraphernalia used in the possession of paraphernalia statute fails to meet the standard of sufficient clarity mandated by the guarantee of due process. It is unclear what is meant by an instrument `designed' for drug use. The term `designed' could signify only devices that have no use or function other than as a means to ingest a controlled substance. Alternatively, `designed' could include any devices that have a legitimate function but could be used for ingestion of drugs. That is, the term `designed' could sweep into the definition of paraphernalia any device that could be altered from its normal function to become a makeshift drug device, such as a paper clip, tie bar, hand mirror, spoon, or piece of aluminum foil. . . .' Indiana Chapter, N.O.R.M.L., et al., v. Sendak, et al., United States District Court for the Southern District of Indiana, No. 75-142-C, Unpublished Opinion.
Other deficiencies were noted by that court. They are of similar import to those pointed out in our prior opinion.
Given these problems we must continue to adhere to our previously expressed views that LB 991 is of questionable constitutionality.